JAMES LOFTUS, PLAINTIFF IN ERROR, v. ADAM FRAZ, DE-
FENDANT IN ERROR.

1. Where an order for a warrant made by a justice of the peace fails to
   state the amount for which the warrant is to be issued, and the cotem-
   poraneous order for bail endorsed by the justice on the warrant sup-
   plied the omission, the two together will be a substantial compliance
   with the provision of the statute.
2. No action will lie against a judge acting in a judicial capacity, for
   any errors which he may commit, in a matter within his jurisdiction.

In error to Passaic Circuit Court.

For the plaintiff in error, *R. I. Hopper.*

For the defendant in error, *E. Stevenson.*

The opinion of the court was delivered by

THE CHANCELLOR.   The subject presented for consider-
ation is whether Loftus, the plaintiff in error, is liable to
respond in damages to Fraz, the defendant in error, for the
imprisonment of the latter under a warrant and execution
against the body, respectively issued by the former as a jus-
tice of the peace in the court for the trial of small causes in
an action for debt.   The facts are as follows:   One Lang
presented to Loftus an affidavit, in which he swore that Fraz
owed him a debt on contract, the character and amount of
which he specified, and that Fraz had made a certain promise
of payment, which he had only partially performed, and that
he "falsely and fraudulently deceived the defendant, and
falsely and fraudulently contracted the debt and incurred the
obligation respecting which the suit was brought."   On that
affidavit he demanded a warrant, and the justice thereupon
made an order, in which, after stating that the affidavit was
proof to his satisfaction that Fraz was indebted to Lang, and

that the debt was fraudulently contracted by Fraz, he ordered and adjudged that a warrant issue for and against the body of Fraz, and that he be held to bail to Lang. The order did not adjudge what was the amount of the debt, nor state in what sum Fraz was to be held to bail. On the making of the order the justice issued a warrant in pursuance of it, in a plea of debt for $18.80, the amount sworn to, with legal interest thereon. He endorsed on the writ an order signed by himself, that the defendant be held to bail to the plaintiff in the sum of $21.30, which was the amount of the debt and costs. Fraz, on being brought into court on the warrant, entered into recognizance to appear for trial, and on the day fixed appeared, and according to the entry in the justice's docket, moved to dismiss the cause on the ground that the affidavit showed no fraud. The motion was denied, and the trial proceeded. The justice gave judgment for the plaintiff. The plaintiff thereupon demanded an execution against the body, and the justice issued one accordingly, under which Fraz was taken into custody and confined in jail. He brought suit for damages for false imprisonment against the justice in the Passaic Circuit Court. On the trial the judge ruled that the justice had no jurisdiction to issue the warrant, inasmuch as the order did not specify the sum ; and he also held that the justice had no jurisdiction to issue the execution, inasmuch as it did not appear that a warrant had issued on an order made in accordance with the fourteenth section of the justice's court act, and that the justice was liable to Fraz in damages for the imprisonment under both writs.

The section just referred to provides that upon proof of the requisites to authorize the issuing of a warrant, the justice shall make and subscribe an order that a warrant issue against the defendant for such amount as such proof shall justify and require ; and that before the warrant shall issue, the order and affidavit or affidavits upon which the order is founded, shall be filed by the justice. The order for the warrant in this case did not indeed state the amount for which the warrant was to be issued, but the contemporaneous order

for bail endorsed by the justice on the warrant supplied the omission, and the two together were a substantial compliance with the provision of the statute. Moreover, it may be remarked, Fraz had a right to have the merits of the order adjudicated upon before the trial by a Supreme Court judge, the law judge of the Court of Common Pleas of the county, or a Supreme Court commissioner, but he did not see fit to avail himself of the privilege. When he appeared in the action, while he objected to the proceedings on the ground that the affidavit proved no fraud, he made no objection on the ground of defect in the order. The justice, after the judgment, issued the execution under the provisions of the forty-seventh section of the act which authorizes the issuing of such an execution where a warrant in the nature of a *capias ad respondendum*, has issued upon an order made in accordance with the provisions of the fourteenth section, and such order has not been set aside, or if set aside, has been subsequently approved by a justice of the Supreme Court. Obviously, if the order for the warrant was a substantial compliance with the act, the issuing of the execution against the body was not unauthorized, and the ruling of the Circuit Court was therefore erroneous, irrespective of the right of the justice to immunity, even if the imputed error had in fact existed. But conceding that there were such errors, he was not liable to respond personally for the act in question. It is an established principle, absolutely necessary to the proper discharge of the judicial functions, that no action will lie against a judge acting in a judicial capacity, for any errors which he may commit, in a matter within his jurisdiction. That the justice in this case acted judicially is not to be denied, and it is equally clear that he acted within his jurisdiction. The statute gave him jurisdiction of the subject matter, which was the determination of the question whether the defendant should be brought into court to answer the plaintiff's suit by process in the nature of a *capias ad respondendum*. His jurisdiction manifestly in nowise depended on the sufficiency of his order. That was the evidence of his adjudication.

When the affidavit was presented to him it was clearly his judicial duty, made so by the statute, to decide whether the facts therein stated authorized the issuing of a warrant.    He might have adjudged that they did not, but he adjudged that they did.    For an error in judgment in either case he would not be amenable to an action.    Having adjudged that the plaintiff was entitled to the warrant, it became his duty to make the order; and, having made it, to determine whether it authorized the issuing of the writ, and if so, to issue the process.    In all this he acted judicially in a matter in which he had jurisdiction.    It is equally obvious that when the demand for an execution against the body was made, he was bound to decide whether the writ should issue or not.    For his decision, if erroneous, in any of these matters, he is not answerable to the defendant.    The judgment of the Circuit Court should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, KNAPP, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, DODD, GREEN—13.